61 N.Y.2d 882 (1984)
Just in-Materials Designs, Ltd., Appellant,
v.
I.T.A.D. Associates, Inc., Respondent.
Court of Appeals of the State of New York.
Argued February 16, 1984.
Decided February 28, 1984.
Jed R. Schlacter for appellant.
Kenneth A. Schulman and Donald L. Kreindler for respondent.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, MEYER, SIMONS and KAYE concur.
*883 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
This is not an instance of a transaction involving the exchange of different contract forms. Here Associated Textile Brokers Co., acting, as the Appellate Division properly concluded, as broker for both buyer and seller, served as intermediary for the negotiations between them and then sent to each a memorandum sale note evidencing the agreement between them, which included a broad clause for arbitration pursuant to the rules of the General Arbitration Council of the Textile Industry. Defendant seller then forwarded to plaintiff a contract form bearing the same date and the same contract number as the sale note, and evidencing the negotiation by the broker, which document contained a similar broad arbitration clause. Thereupon the seller commenced delivery of the goods as contemplated by the sale note.
Retention by the buyer of the sale note and the seller's contract form and the subsequent acceptance of delivery of and payment for goods as contemplated by the sale note constituted ratification of the agreement between the parties made on their behalf by the broker, including the provision therein for arbitration, even though the latter provision had never been expressly discussed with either party (Matter of Huxley [Reiss & Bernhard], 294 N.Y. 146). Moreover, acknowledgment of the agreement was thereafter confirmed by the buyer when, three months later, it *884 addressed a letter to the seller identifying their contract by number and objecting to late delivery of one "portion of the above contract."
In these circumstances the Appellate Division properly held that the buyer was obligated to proceed to arbitration of their controversy as demanded by the seller.
Order affirmed, with costs, in a memorandum.